UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT KELVIN LINDBLOOM,

    Plaintiff,

v.                                       CASE NO. 8:18-cv-2642-T-02AEP

MANATEE COUNTY, TANYA SHAW,
DONALD COURTNEY, TOM WOOTEN,
KATHARINE ZAMBONI,

    Defendants.
                                        /

## **O R D E R**

Before the Court is Defendants Tanya Shaw, Tom Wooten and Katherine Zamboni's Motion to Dismiss Plaintiff's First Amended Complaint or, in the alternative, Motion for More Definite Statement (Dkt. 14). After careful review of the allegations of the First Amended Complaint (Dkt. 11), the Court concludes the amended complaint is a quintessential "shotgun pleading" that has been criticized by the Eleventh Circuit Court of Appeals. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007).[1]  The Court will give Plaintiff one more time to amend the complaint.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) requires that the plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . [and] [e]ach claim founded upon a separate transaction or occurrence . . . must be stated in a separate count . . . ."  Each count must allege only a single claim.  *See Kennedy v. Bell South Telecomms., Inc.*, 546 F. App'x 817, 819-20 (11th Cir. 2013) (per curiam).  From a reading of the amended complaint here, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  *Kennedy*, 546 F. App'x at 819-20 (quoting *Anderson v. Dist. Bd. of Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

Plaintiff has asserted perhaps multiple claims, none of which are separated to alleviate confusion.  Each cause of action or claim for relief must be separate and labeled, for example, "negligence," "violation of 42 U.S.C. § 1983," or "ADA

---

[1]  The *Davis* Court, speaking through Judge Tjoflat, also engaged in a thorough and extensive discussion of the difficulties presented by such pleadings.  516 F.3d at 981-84; *see also Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (recounting the Eleventh Circuit's history dealing with shotgun pleadings on appeal and grouping such pleadings into four categories).

claim." If Plaintiff is asserting constitutional violations under 42 U.S.C. § 1983, then Plaintiff must identify which actions or omissions of which Defendants form the violation of which rights.

To the extent Plaintiff seeks to establish a procedural due process claim, Plaintiff must allege that he exhausted his state remedies. For example, Plaintiff needs to allege facts supporting whether he appealed or sought review of Special Magistrate Courtney's September 2018 decision or, if no appeal or review was taken, the reasons for not doing so. If orders, rulings, letters, or statements form the basis of his claims for relief, Plaintiff should attach copies of those to the amended complaint. Finally, the relief sought against each Defendant must be stated at the end of each count, whether it be damages or equitable in nature.

Although a *pro se* pleading must be liberally construed, it must always comply with the procedural rules that govern pleadings. *Beckwith v. BellSouth Telecomms., Inc.*, 146 F.App'x 368, 371 (11th Cir. 2005) (citation omitted). It is therefore **ORDERED AND ADJUDGED** as follows:

1) Defendants Tanya Shaw, Tom Wooten and Katherine Zamboni's Motion to Dismiss Plaintiff's First Amended Complaint or, in the alternative, Motion for More Definite Statement (Dkt. 14) is granted.

2) Plaintiff shall file an amended complaint that addresses the issues described in this Order by **February 19, 2019.** Failure to do so will result in dismissal of this action without further notice.

**DONE AND ORDERED** at Tampa, Florida, on January 28, 2019.

      s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record
Plaintiff, *pro se*